## Haldeman v. Department of Transportation

*Marie Inyang,* for Department of Transportation.
*Wm. H. Eastburn, III,* for condemnees.

BODLEY, *J.,* May 13, 1977 — This case involves the appeal of the Commonwealth from an award by a board of view. The matter was scheduled for trial but was removed from the list at the request of counsel in order that certain legal questions might be determined before trial. By agreement of counsel, hearing was held March 15, 1977, during which brief testimony was taken concerning the issues presented and, pursuant to counsels' request, this opinion is rendered for the guidance of counsel in preparation for trial.

The premises in question is a tract of 76.106 acres used for a dairy farm operation which prior to condemnation had frontages of 601 feet on Route U. S. 611, and 412 feet on the west side of Old Easton Highway. The declaration of taking, filed October 26, 1972, condemned 5.63 acres, representing the entire Route 611 frontage. Inasmuch as the land was condemned for the purpose of constructing a limited access highway, the condemnees, after taking, had no access to that highway. The 412 feet frontage on the west side of Old Easton Highway remained.

The problem arises out of the fact that neither the declaration of taking nor the original plan submitted to condemnees revealed the existence of a contiguous strip of land, purchased by condemnees on April 11, 1970, prior to condemnation, which consisted of a strip 660 feet in length and 99 feet in width. The latter dimension abutted and gave access to a public road. The condemnor's expert witness has included this strip in his before and after evaluation, whereas the condemnees' expert has not done so. The condemnees maintain that the condemnor is bound by the initial plan furnished them and seeks a ruling of this court so restricting the testimony of the condemnor.

The issue becomes important inasmuch as the premises are located in an R-3 residential zone in which, by amendment of April 7, 1970, a planned residential development (PRD) is a permitted use. Under PRD requirements, there must be a minimum of 50 acres with two separate access roads, each at least 100 feet wide and at least 250 feet apart. The condemnees' expert at the board of view hearing and at the hearing before us, restrict-

ing himself to the remaining 412 feet frontage on Old Easton Highway, testified that whereas the land was well suited for the PRD higher density development prior to condemnation, by virtue of the loss of frontage on Route U. S. 611 the highest and best use after condemnation was R-2 residential in which single-family dwellings are permitted. His after value, therefore, is significantly lower than it would have been had the highest and best use after condemnation remained PRD.

On the other hand, the condemnor's evaluation expert testified that while he agreed that the highest and best use before condemnation was for planned residential development, the same highest and best use remained after condemnation by virtue of the existence of the strip heretofore adverted to which gives a second access road, albeit 99 feet wide rather than 100 feet, and thus would meet PRD requirements upon the grant of a variance as to the one-foot deficiency in the second access road.

We note that section 605 of the Eminent Domain Code of June 22, 1964 (Spec. Sess.), P.L. 84, art. VI, 26 P.S. § 1-605, provides that: "Where all or a part of several contiguous tracts owned by one owner is condemned or a part of several noncontiguous tracts owned by one owner which are used together for a unified purpose is condemned, damages shall be assessed as if the tracts were one parcel."

Although the condemnees argue that a contiguous tract may not be considered in fixing value unless both parcels are devoted to a "unified purpose," and these are not, we cannot agree with this interpretation. It is clear that the provision relating to the evaluation of contiguous tracts as one is

not conditioned upon there being a unified purpose in the use of such tracts. Only where several *non-contiguous* tracts are used for a unified purpose does the unified purpose condition come into play. And while condemnees complain that since their expert witness based his appraisal upon the plan first submitted without considering the effect of the adjacent parcel, they should not be burdened with the expense of securing a second appraisal, we do not believe this consideration to be valid. In point of fact, the Commonwealth has offered to bear the expense of such further appraisal if condemnees deem it necessary. We can find no reason for denying condemnor the right to view the contiguous tracts in their entirety and, therefore, are of the opinion that each appraiser may approach the question of after value as he sees fit. The weight of the evidence offered will be for the jury to determine.

We find no Pennsylvania decisions dealing with the relationship of the probability of obtaining a variance with the question of evaluation. However, we must bear in mind that under section 705 of the code, 26 P.S. § 1-705(1) the evaluation expert may "state any or all facts and data which he considered in arriving at his opinion." Just as in the case of an opinion based upon a reasonable probability of a change in zoning restrictions, we believe, by analogy, that evidence may be presented, if any there be, as to the reasonable probability of obtaining the variance, bearing in mind the minimal nature thereof. The general rule concerning the admissibility of evidence indicating that an application for a zoning change may subsequently be granted, has been articulated in this fashion:

"[T]he courts usually taken the view that a prospective purchaser on the open market, on a proper showing that such a change was reasonably probable in the reasonably near future, would consider the probability of such a change in zoning in valuing the property, and that the courts in condemnation should also receive such evidence."

In applying the general rules relating to the effect of zoning upon highest and best use, we are of the opinion that the question should be one for the jury. The burden of proof, of course, would be upon the Commonwealth, but were the jury to determine that there existed a reasonable likelihood of such a variance which would permit the more valuable use at the time of condemnation, and that such a variance would likely have an appreciable influence upon the then market value (that is, after value) at the time of condemnation, it would be entitled to consider such testimony so long as a reasonable need for the use is established along with evidence that the land is physically suited for such use. See Snyder v. Commonwealth, 412 Pa. 15, 18-20, 192 A.2d 650 (1963); Redevelopment Authority of Philadelphia v. Lieberman, 461 Pa. 208, 220, 336 A.2d 249 (1975); Patterson v. County of Allegheny, 15 Pa. Commonwealth Ct. 228, 234-35, 325 A.2d 484 (1974).

Accordingly, we are of the opinion that (1) both before and after values may be based upon a consideration of the contiguous tracts in their entirety, and (2) evidence may be presented, if the same is available, of the reasonable likelihood of the grant of a variance as it respects the highest and best use following condemnation. By way of caveat, we are not here foreclosing either evaluation expert from

approaching the question of after value according to his own lights, nor are we making a definitive ruling upon evidence to be presented at trial. We merely hold that the contiguous tract as revealed on the Commonwealth's amended plan may be considered, if desired, and that evidence of the likelihood of the grant of a variance, if sufficient, may be presented to the jury to weigh along with all of the other evidence received on the question of damages.

It should also be recognized that our agreeing to consider the novel questions raised by counsel at pretrial conference, and to rule thereon by way of this opinion, is to be viewed merely as an accommodation to counsel in their pursuit of an orderly trial of the issues. It is not to be taken as a precedent to be followed in similar cases.